UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VICTOR SHELL,<br><br>                  Petitioner,<br>v.<br><br>RICK HILL, as Warden,<br><br>                  Respondent. | No. 00-cv-1065-BTM-RBB<br><br>**ORDER CONSTRUING RULE 60(b) MOTION AS A SUCCESSIVE § 2254 PETITION AND DENYING THE MOTION** |

Petitioner's petition for a writ of habeas corpus was denied on March 9, 2001 pursuant to 28 U.S.C. § 2254. (Docs. 16, 19, 20.) The Ninth Circuit affirmed on September 19, 2002. (Doc. 30.) In an Order dated January 31, 2003, the Ninth Circuit granted Petitioner's motion to file a late petition for rehearing, recalled the mandate, and denied Petitioner's petition for panel rehearing and rehearing en banc. (Doc. 34.) The mandate was reissued and the appeal was closed. (Id.) About eight years later, on December 10, 2010, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(6), which this Court construed as a successive habeas corpus petition and denied it on December 16, 2010. (Doc. 38.) On January 4, 2011, this Court denied petitioner's request for a certificate of appealability. (Doc. 40.) On May 5, 2012, the Ninth Circuit also denied a certificate of appealability. (Doc. 42.) In June 2013, Petitioner again filed a

1

request for a certificate of appealability with the Ninth Circuit (Doc. 43), which was denied as duplicative on September 9, 2013 (Doc. 45).  On September 26, 2013, the Ninth Circuit denied Petitioner's request for leave to file a successive § 2254 petition and further ordered, pursuant to 28 U.S.C. § 2244(b)(3)(E), that "No petition for rehearing or motion for consideration shall be filed or entertained in this case."  (Doc. 46.)

Petitioner has nonetheless filed another motion for relief pursuant to Rule 60(b)(6).  (Doc. 47.)  "Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgement' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion may not, however, be used to circumvent the rules for filing successive petitions. Id. at 531.  Thus, the Supreme Court has held that a Rule 60(b) motion filed after the denial of a habeas corpus petition on the merits that seeks to add new grounds for relief is a successive petition under 28 U.S.C. § 2254(b)(3). Id.  Petitioner has not obtained the permission of the Court of Appeals to file a successive petition as required by 28 U.S.C. § 2244.  As stated in the December 16, 2010 and September 26, 2013 orders, the Court lacks jurisdiction to entertain Petitioner's motion.  The Court accordingly construes the motion as a successive § 2254 petition and **DENIES** the motion.  A certificate of applicability is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 3, 2014

Barry Ted Moskowitz
Chief United States District Judge