1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

EDWARD V. SHELL,

Petitioner,

v.

RICK HILL,

Respondent.

Case No. 00cv1065 BTM(RBB)

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT**

On January 6, 2014, Petitioner filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).  In an order filed on September 3, 2014, the Court construed Petitioner's Rule 60(b) motion as a successive § 2254 Petition and denied the motion because Petitioner had not obtained the permission of the Court of Appeals to file a successive petition.

On October 1, 2014, Petitioner filed a Motion to Amend Judgment under Fed. R. Civ. P. 59(e).  The Court construes the motion as a motion for reconsideration of the Court's September 3 Order.

Petitioner argues that the Court's prior Order was erroneous because the Court overlooked Martinez v. Ryan, 132 S.Ct. 1309 (2012).  Petitioner argues that under Martinez, AEDPA does not bar his claims of ineffective assistance of trial counsel that were not raised on direct appeal or initial review collateral proceedings.

1

In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Id.</u> at 1320.   Relying on <u>Martinez</u>, Petitioner's Rule 60(b) motion asserted additional claims of ineffective assistance of counsel.  For example, the motion alleged that trial counsel failed to correct erroneous information in the probation report and at sentencing.   However, Petitioner misconstrues <u>Martinez</u>. <u>Martinez</u> clarifies that although § 2254(i) precludes a petitioner from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it does not stop him from using it to establish "cause" for a procedural default – i.e., failure to raise an ineffective assistance claim in an initial review collateral proceeding.   <u>Id.</u> at 1320.   <u>Martinez</u> does not hold that the *rule against successive petitions* is inapplicable to these types of ineffective assistance of counsel claims.

Accordingly, Petitioner cannot raise additional claims of ineffective assistance of trial counsel that were not contained in his habeas petition.  To the extent Petitioner is making additional arguments about the ineffective assistance of counsel claims that were raised in his habeas petition and were denied, <u>Martinez</u> is inapposite because the claims were denied on their merits, not as procedurally defaulted.  Furthermore, nothing in Petitioner's Rule 60(b) motion establishes a basis for relief from the judgment.

Therefore, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 9, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

00cv1065 BTM(RBB)